THOMAS AND ROBERT J. SCOTT *v.* THERESA LEVY *et al.*

1. SUPREME COURT PRACTICE. *Demurrer for multifariousness.* An objection to a bill for multifariousness, raised by demurrer but overruled, will not avail in this court after a final hearing on the merits, where the matters constituting the multifariousness have been dropped in the litigation.

2. CHANCERY COURT JURISDICTION. *Minors.* A court of chancery has jurisdiction at the instance of infants to call intruders upon their land to account, and to declare and enforce their rights.

3. ADMINISTRATOR. *Payment of individual debts with chattels of estate.* The personal representative of a decedent has no power to charge the chattels, real or personal, of an estate with the payment of his individual debt, and any person who takes under him by an instrument which shows the breach of duty may, be held to account by the distributees.

4. ADMINISTRATION. *Presumption of law.* After the lapse of seven years from the date of administration, the presumption would be that a chattel real held by the administrator, who was also a distributee of the estate, was held as distributee.

5. LEASE. *Lessee and sub-lessee.* The relation between a lessee and a sub-lessee of a portion of the term is of such a fiduciary character that the latter could not acquire a good title against the former by purchasing the lease at execution sale, and all he could ask would be to hold the former liable for the amount paid to remove the encumbrance.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. T. W. BROWN, Sp. Ch.

GANTT & PATTERSON for complainants.

L. & E. LEHMAN for defendants.

COOPER, J., delivered the opinion of the court.

On October 4, 1859, Robert Scott leased a lot in Memphis for forty-four years in consideration of the payment of a moderate ground rent and all taxes and assessments. Scott died on August 16, 1864, leaving a widow, and two children, Thomas and Robert J. Scott, the present complainants. Shortly after his death, his widow qualified as administratrix of his estate. On July 22, 1866, the widow intermarried with Alexander Findley. On April 13, 1868, Findley and wife sub-let the premises to Moses Levy for five years from that date, he paying a certain sum of money, and agreeing to pay "all taxes due and past due during the lease, and assessments special and otherwise except for street paving." On October 26, 1872, Findley and wife conveyed the unexpired term to R. S. Capers in trust to secure the individual notes of Findley and wife to third persons named, amounting in all to $500, with power in the trustee, in default of payment, to sell the property. Afterwards, Capers, as trustee, sold and conveyed the premises to one Walker, who, on January 21, 1874, sold and conveyed to Theresa Levy, the wife of Moses Levy, and she has remained in possession ever since. Moses Levy died in May, 1873, and Joseph Reiser qualified as the administrator of his estate, and held possession of the leasehold property as such until bought by his sister, Theresa Levy. Alexander Findley died in October, 1873. This bill was filed February 2, 1876, by Thomas and Robert J. Scott by their next friend, they being still infants,

against Theresa Levy, Joseph Reiser, administrator of Moses Levy, and Johana Findley, formerly the wife of Robert Scott and the mother of complainants. The main object of the bill was to have the rights of the complainants in the leasehold property declared, and an account with Theresa Levy and Joseph Reiser of rents since the expiration of the sub-lease to Moses Levy, the complainants being willing to recognize the validity of that sub-lease. The chancellor was of opinion that Theresa Levy had 'only acquired title to one-third of the leasehold, and that complainants were entitled to recover the other two-thirds, and to have an account for rents, subject to a deduction for taxes, insurance and repairs, and to a partition. The defendants Levy and Reiser have alone appealed.

It is now said by these appellants that a demurrer filed by them to the original bill for multifariousness and want of jurisdiction should have been sustained. The bill was, perhaps, multifarious in seeking, in connection with the relief against the principal defendants, an account with Johana Findley of her administration of the estate of her first husband, and of the rents of the leasehold received by her. The only effect of sustaining a demurrer on this ground would have been, under our statutes, to separate this part of the litigation from the other by the filing of a distinct bill. But this result has been practically attained by dropping the litigation against the administratrix. The record shows that the only matters noticed in the litigation relate entirely to that part of the bill which sought relief against Levy and Reiser. To go back

to the demurrer now would be to abandon substance
for form, and to violate the positive provision of the
statute, that this court shall dispose of cases on their
merits. There is no multifariousness in joining the
defendants Levy and Reiser in one bill, for they are
widow and administrator of Moses Levy, and have
continued the possession which was rightfully taken
by him under his sub-lease. Nor is there anything
in the objection of the want of jurisdiction of the
chancery court as to them, for they, in the view taken
by the bill, are intruders upon the land of the com-
plainants who are infants, and may be called to ac-
count by them as trustees.

The main ground insisted upon for reversing the
decree upon the merits is, that Findley and wife had
the right as administrators of the estate of Robert
Scott, deceased, the wife as administratrix and the
husband as administrator in her right, to sell and
convey the leasehold property. But the trust convey-
ance to Capers does not purport to be by the husband
and wife in their representative capacity, nor to secure
a debt of Robert Scott's estate. On the contrary, the
notes, which are set out in the trust deed, are the
individual notes of these parties, and the deed itself
is executed by them in their own right. Whatever
power personal representatives may have to pass title
to chattels by an absolute sale to a *bona fide* pur-
chaser for value, they have clearly no right to charge
the chattels of the estate they represent with a lia-
bility for their own debts, and any person who takes
under them by an instrument which shows the breach

of duty, may equally be held to account by the dis·
tributees.    Besides, the trust conveyance was made
more than seven years after the qualification of the
wife as administratrix, when her power to act had
presumably ceased, the law requiring a settlement within
two years and six months after administration.    In
the absence of anything to show the contrary, the law
would presume, after such a lapse of time, the settle-
ment of the administration, and that any chattels,
personal or real, on hand would be held by the ad-
ministratrix as distributee, she being one of the dis-
tributees.    The trust deed on its face, as well as the
subsequent conveyance of the trustee, expressly referred
to the original lease to Robert Scott, and thus gave
all persons claiming under it notice of the true state
of the title.    There is clearly no error in the chan-
cellor's decree upon this ground.

The defendant Reiser, in his answer to the bill,
says that the leasehold estate in controversy was levied
on by an execution issued on a judgment against
Johana Scott as administratrix of Robert Scott, de-
ceased, and sold by the officer, and that Moses Levy,
his intestate, became the purchaser at the sale.    And
there is in the record a sheriff's deed to Moses Levy,
under date of July 1, 1869, reciting the recovery of
judgment by one Edward McDonnell against the said
Johana Scott, administratrix of Robert Scott, on Oc-
tober 31, 1867, before a justice, the issuance of exe-
cution, levy thereon on the same day, and sale on
June 30, 1869, to Moses Levy, at the price of $77.25.
The counsel of the complainants has submitted an ar-

gument maintaining the invalidity of this sale, partly on the ground that, at the time of the recovery of the alleged judgment, Johana Scott was Johana Findley, the wife of Alexander Findley, and partly upon the sale having been made without any order of condemnation. The argument of the learned counsel of the appellants contains no assignment of error based upon the alleged sale, and it seems scarcely necessary to notice the point. But the title by the execution sale, if relied on, would be defective for want of the judgment on which the execution purports to have been issued. Besides, Moses Levy, at the time, by reason of his possession of the leasehold property under his sub-lease, occupied such a fiduciary relation to his lessors that he could not acquire a valid title against them by reason of the purchase of the property under an encumbrance. All he could do, would be to hold his lessors liable, under the covenant for quiet enjoyment or warranty of title, for the amount expended in removing the encumbrance. And this the complainants virtually conceded by offering to prove by their mother that such was the contract between her and Moses Levy at the time. Besides, the administrator of Moses Levy proves that he set up no claim under this purchase by attorning to the purchaser under the trust conveyance to Capers, and the defendant, Theresa Levy, claims only under this latter title. The correctness of the decree is not, therefore, affected by the supposed sale if made, and by their objection to the evidence offered by the complainants, the defendants have precluded themselves from asking for a

modification of the account in accordance with the proposed proof.

There is nothing in the objection that the decree for a partition is not justified by the bill. The settled rule of a court of equity is to dispose of the entire litigation, and if either party desires the partition, after their rights as tenants in common are declared, the order follows of course.

We express no opinion on the point suggested in the argument that leasehold property is realty under our statutes, the case not requiring its decision.

Affirm the decree with costs.